# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-01539

ADVANCED EXTERIORS, INC.,

    Plaintiff,

v.

THE ALLSTATE CORPORATION,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Advanced Exteriors, Inc. ("Advanced Exteriors" or "Plaintiff"), through its attorneys, Daly & Black, P.C. and Gray LLC, respectfully submits the following Complaint and Jury Demand:

### INTRODUCTION

1. Are you in good hands? Not if you are submitting a hail loss roofing claim to Allstate. Allstate has consistently and without exception unreasonably denied—and continues to deny— payment for roofing material removal labor when processing insurance claims for hail loss.

2. Colorado is part of "hail alley," where every spring and summer homes and commercial buildings are damaged by catastrophic hailstorms, with hailstones often exceeding one inch in diameter. Property owners in Colorado pay higher premiums than in other states for protection from the damaging effects of hail.

1

3. In recent years, Colorado has ranked second only to Texas for the total number of hail loss claims filed with insurers by home and commercial building owners.

4. When a property's roof is damaged by hail, the damaged roofing material must be removed and replaced by experienced and skilled roofing contractors.

5. In most cases, roofing contractors are engaged by insureds (homeowners, commercial building owners, and HOAs) to complete roofing work for hail damage. The roofing contractors work directly with insurance companies like Allstate to determine the scope of work that is covered by the insured's policy, and the amount the insurance company is obligated to pay the contractor for the work to be performed.

6. In an attempt to increase its profits, Allstate purposefully withholds payments for benefits that are covered under their policies. The contractor suffers the financial damage, since the insured is only asked to contribute their deductible towards the cost of repairs.

7. One particular payout-evasion scheme that Allstate is fond of is the denial of payment for skilled roofing labor.

8. Roofing contractors require crews of skilled workers who complete the dangerous and difficult job of working at a height where a mistake equals catastrophe. Every year, roofers die at twice the rate as the average construction worker because of the inherent risk of this work. The job also requires precise and careful skill specific to working with roofing material. Accordingly, only specialized laborers are hired for roofing work.

9. Contractors pay roofers the same higher-skilled labor wage regardless of whether they are removing roofing material or installing it.

10. Roofing labor requires highly specialized skills: navigating a roof 30-plus feet off the ground, using harnesses and cables, avoiding damaging any roofing material that is still

intact, and knowing how to remove or install a variety of roofing materials are all part of a delicate and precise process.

11. Reflecting the higher danger of roofing labor, contractors must also pay higher workers compensation premiums for roofing labor.

12. The work of both installation and removal of roofing material must be performed by the same kind of skilled roofing workers, using the same required higher level of care and skill compared to general construction or demolition work.

13. Allstate does not pay roofing contractors for that skilled roofing labor when the labor is designated as "removal" by its estimating software, called Xactimate. Instead, Allstate pays a significantly lower labor rate that is applicable to general demolition (think someone swinging a sledgehammer and carrying debris to a dumpster).

14. The same roofing workers, with the same skills and risk, perform both removal and installation of roofing materials.

15. The contracting companies pay the workers the same higher wages (and pay for the same workers compensation benefits) for both tasks.

16. There is no reasonable basis for denying roofing contractors payment for roofing removal labor.

17. This unreasonable denial is actionable under Colorado's bad faith law.

## COLORADO BAD FAITH LAW

18. Under Colorado law, C.R.S. 10-3-1115 and 1116, plaintiffs in first-party insurance claims can recover double damages, costs and attorney fees if an insurer unreasonably delays or denies payment of benefits.

19. Specifically, the bad faith statute provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." C.R.S.10-3-1115(1)(a).

20. Under C.R.S. §10-3-1115 and Colorado law interpreting this statute, neither a contractual relationship with the insurance company nor an assignment of claims is required to bring a statutory bad faith claim as a "first-party claimant." In other words, claims for statutory bad faith may be brought by an insured's contractor.

**JURISDICTION AND VENUE**

21. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because (i) at least one member of the class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of costs and interests, and (iii) none of the exceptions under that section applies to this action.

22. In the three years from 2017 to 2019, Colorado homeowners made 380,066 claims due to hail loss. That equates to over 250,000 homeowner hail loss claims in a two-year period.

23. Allstate benefits from a 9.6% market share of residential insurance policies in Colorado, having written $261,636,000 in direct premiums in 2019.

24. An average residential roof size in Colorado is approximately 2,100 square feet (or 21 100-square foot "squares").

25. Allstate includes in its estimate a demolition labor rate for removal of roofing material that is approximately (and in same cases more than) $75 per square less than the proper skilled roofing labor removal rate.

26. Assuming even just a quarter of the over 250,000 residential roofs require complete replacement when they sustain hail damage, and not including a single commercial

4

property covered by Allstate, Plaintiff and the class may recover damages of over $19 million based on Allstate's failure to pay for roofing material removal labor in a two-year class period.

27. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. §1965(a) because Defendant transacts business or is otherwise found in this district.

## PARTIES

28. Plaintiff Advanced Exteriors is a Colorado corporation with a principal office street address of 2200 S. Valley Highway., Denver, Colorado 80222.

29. Plaintiff Advanced Exteriors is a citizen of Colorado.

30. The Allstate Corporation ("Allstate") is a publicly traded Delaware corporation with its principal office at 2775 Sanders Road, Northbrook, Illinois 60062.

31. Allstate is not a citizen of Colorado.

## FACTUAL ALLEGATIONS

32. In the last two years, Advanced Exteriors has performed work resulting from roofing claims for hail damage on properties covered by Allstate insurance policies.

33. In uniform fashion, Allstate unreasonably denied payment for skilled roofing labor for removal of roofing materials and instead paid the much lower demolition labor rate meant for demolition.

34. Allstate uses a construction estimating software called Xactimate.

35. Xactimate is the leading construction estimating software for roofing work.

36. The Xactimate program contains default labor rates for specific categories of work.

37. In particular, when roofing material <u>installation</u> or <u>replacement</u> is selected as the category of work, Xactimate defaults to the skilled roofing labor rate, auto-populating the rate for skilled roofing labor.

38. By contrast, when roofing material <u>removal</u> is selected as the category of work, Xactimate defaults to the demolition labor rate, auto-populating the rate for general demolition labor, even though the same workers who perform the installation also perform the removal, using the same specialized roofing skills, encountering the same dangers, and being paid the same elevated wages.

39. Below is a screenshot of the Xactimate program's default labor rates:



40. When processing every single roofing claim for hail damage, Allstate uses the incorrect and unreasonable default demolition rate for roofing material removal in its estimates, denying contractors payment for the difference between the skilled roofing labor and demolition labor rate.

41. There is no reasonable basis for denying payment for skilled roofing labor.

42. For example, Advanced Exteriors performed roofing work for hail loss for a property in Fort Collins, Colorado with a date of loss of July 5, 2019, and a claim finalization date of March 17, 2020 ("Fort Collins Claim").

43. Allstate provided its estimate of covered work for the Fort Collins Claim on September 1, 2019.

6

44. Allstate's estimate contained the following line item for roofing material removal:

| Supp | Description | Qty | Estimate Amount | Overhead & Profit | Taxes | Replacement Cost Total | Less Recoverable Depreciation | Actual Cash Value |
|---|---|---|---|---|---|---|---|---|
| | Source - Eagle View - Source - Eagle View - Dwelling roof | | | | | | | |
| 1 | 1. Remove Laminated – comp. shingle rfg. – w/ felt | 40.37 SQ | $2,181.19 | $436.24 | $0.00 | $2,617.43 | -$0.00 | $2,617.43 |

45. For 40.37 SQ (or "squares"), Allstate agreed to pay a total $2,181.19, which equals a demolition labor rate of $54.03 per square.

46. The skilled roofing rate for removing roofing material would have been $128.38 per square in Fort Collins on the date of the estimate.

47. Accordingly, the total payment to Advanced Exteriors for removal of 40.37 squares of roofing material, which Allstate admitted was a covered benefit, should have been $5,182.70.

48. Therefore, **Advanced Exteriors was denied a total of $3,001.51** for the Fort Collins Claim.

49. Similarly, Advanced Exteriors performed roofing work for hail loss for a property in Parker, Colorado with a date of loss of July 17, 2019, and a claim finalization date of June 15, 2020 ("Parker Claim").

50. Allstate provided its estimate of covered work for the Parker Claim on June 5, 2020.

51. Allstate's estimate contained the following line item for roofing material removal:

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 1. Remove Laminated – comp. shingle rfg. - w/ felt | 37.17 SQ | 56.86 | 2,113.49 | 6/30 yrs | Avg. | NA | (0.00) | 2,113.49 |
| Includes: Dump fees, hauling, disposal, and labor to remove composition shingles and felt. | | | | | | | | |

52. Allstate agreed to pay a total of $2,113.49, based on a demolition labor rate for removal of roofing material of $56.86.

7

53. The RFG rate for removing roofing material would have been $167.76 per square in Parker on the date of the estimate.

54. Accordingly, the total payment to Advanced Exteriors for removal of 37.17 squares of roofing material, which Allstate admitted was a covered benefit, should have been $6,235.64.

55. Therefore, **Advanced Exteriors was denied a total of $4,122.15** for the Parker Claim.

56. Similarly, Advanced Exteriors performed roofing work for hail loss for a property in Longmont, Colorado with a date of loss of July 17, 2019, and a claim finalization date of September 4, 2020 ("Longmont Claim").

57. Allstate provided its estimate of covered work for the Longmont Claim on August 6, 2020.

58. Allstate's estimate contained the following line item for roofing material removal:

| Supp | Description | Qty | Estimate Amount | Taxes | Replacement Cost Total | Less Recoverable Depreciation | Actual Cash Value | Actual Replacement Cost w/Tax |
|---|---|---|---|---|---|---|---|---|
| | Source - Eagle View - Source - Eagle View - Roof | | | | | | | |
| 0 | 1. Remove Laminated – comp. shingle rfg. – w/ felt | 31.75 SQ | $1,836.10 | $0.00 | $1,836.10 | -$0.00 | $1,836.10 | $1,836.10 |

59. For 31.75 squares, Allstate agreed to pay a total $1,836.10, which equals a demolition labor rate of $57.83 per square.

60. The RFG rate for removing roofing material would have been $182.85 per square in Longmont on the date of the estimate.

61. Accordingly, the total payment to Advanced Exteriors for removal of 31.75 squares of roofing material, which Allstate admitted was a covered benefit, should have been $5,805.49.

8

62. Therefore, **Advanced Exteriors was denied a total of $3,969.39** for the Longmont Claim.

## CLASS ACTION ALLEGATIONS

63. Advanced Exteriors realleges and incorporates by reference all prior allegations of this Complaint as if fully set forth herein.

64. Advanced Exteriors seeks certification of a Class as defined below, pursuant to Fed. R. Civ. P. 23:

> All persons or entities who performed roofing work in Colorado pursuant to a claim for covered roof damage under an Allstate insurance policy, the period of Jun 4, 2019, to the present.
>
> i. Excluded from the Class are (i) any judge(s) presiding over this action and members of their families; (ii) Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Allstate or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and timely request exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

65. **Numerosity**: The exact number of Class members is unknown to Advanced Exteriors at this time, but upon information or belief, there are hundreds of contractors who have done roofing work in Colorado pursuant to Allstate insurance policies. Members of the Class can be identified through Allstate's records.

66. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

These common questions include but are not limited to:

   i. Whether Allstate denied payment for RFG labor for roofing material removal.
   ii. Whether Allstate's denial of payment for RFG labor for roofing material labor was unreasonable.
   iii. Whether Allstate was unjustly enriched.
   iv. Whether Advanced Exteriors is entitled to injunctive relief.
   v. Whether Plaintiff and the Classes are entitled to damages.
   vi. Whether Plaintiff and the Classes are entitled to any other relief.

67. **Typicality**: Advanced Exteriors' claims are typical of the claims of the other members of the Class. Advanced Exteriors and the Class sustained damages as a result of Allstate's uniform, wrongful conduct in denying payment for roofing material removal labor.

68. **Adequate Representation**: Advanced Exteriors will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Advanced Exteriors has no interest antagonistic to those of the Class and Allstate has no defenses unique to Advanced Exteriors.

69. **Appropriateness**: The class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Allstate's wrongful conduct. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Allstate's unlawful practices. Even if Class members could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase

the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

70. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Allstate has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole. Allstate's practices challenged herein apply and affect members of the Class uniformly and Advanced Exteriors' challenge of these practices hinges on Allstate's conduct with respect to the Class as a whole, not on facts or law applicable only to Advanced Exteriors.

71. Plaintiff reserves the right to revise the Class definition based on information learned through discovery.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
### VIOLATION OF C.R.S. 10-3-1115 AND 1116
### (On behalf of Plaintiff and the Class)

72. Advanced Exteriors realleges and incorporates by reference the foregoing allegations of this  Complaint as if fully set forth herein.

73. At all times pertinent hereto, the following Colorado statute was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions – severability.**

(1) (a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

74. C.R.S. §10-3-1116 provides a remedy for such denial or delay of payments in

11

the form of "reasonable attorney fees, court costs, and two times the covered benefit."

75. Allstate unreasonably delayed or denied payment of insurance benefits by:

(1) failing to provide or delaying the payment of the actual, necessary, and reasonable funds to remove portions of damaged roof systems, where such removal is admittedly a covered benefit;

(2) engaging in additional acts and omissions that may be discovered in the course of litigation.

76. Allstate unreasonably denied and delayed payment in violation of C.R.S. §10-3-1115.

77. Allstate is subject to the provisions of C.R.S. §10-3-1116 for double damages, court costs, and attorney fees.

78. Under C.R.S. §10-3-1115 and Colorado law interpreting this statute, "on behalf of any first-party claimant" includes claims brought by an insured's contractor.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (On behalf of Plaintiff and the Class)

79. Advanced Exteriors realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

80. Allstate received the benefit of the difference between the skilled roofing labor and demolition labor rates for roofing material removal labor.

81. Allstate's benefit was at the expense of Advanced Exteriors and the Class.

82. It would be unjust for Allstate to retain that benefit.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### (On behalf of Plaintiff and the Class)

83. Advanced Exteriors realleges and incorporates by reference the foregoing

allegations of this Complaint as if fully set forth herein.

84. Allstate's practice of paying a lower demolition labor rate for roofing material removal, instead of the skilled roofing labor rate, is an unreasonable denial of a covered benefit and is a violation of C.R.S. 10-3-1115 and 1116, as discussed above.

85. Advanced Exteriors seeks a declaratory judgment that Allstate's practice of denying payment to contractors for roofing material removal labor is a violation of Colorado state law, C.R.S. 10-3-1115 and 1116.

86. Advanced Exteriors seeks a permanent injunction enjoining Allstate from continuing to engage in the unlawful practice.

## PRAYER FOR RELIEF

WHEREFORE, Advanced Exteriors and the Class pray for relief against Allstate as follows:

a. Certifying this case as a class action, designating Plaintiff as Class Representative and his attorneys as Class Counsel;

b. Double damages, court costs, and reasonable attorney fees incurred in prosecuting this action pursuant to C.R.S. §10-3-1116;

c. An award of pre- and post-judgment interest;

d. Costs and expenses;

e. A declaratory judgment that Allstate's failure to pay is unlawful;

f. Equitable and injunctive relief to Plaintiff and the Class, including a permanent injunction, restitution, disgorgement, and an accounting of all revenue gained by Allstate through its unlawful conduct; and

g. Such other and further relief as this Court may deem just, equitable or proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

Respectfully submitted June 8, 2021.


s/ Richard D. Daly
*Richard D. Daly*
Daly & Black, P.C.
John Scott Black
Melissa Wray
2211 Norfolk Street, Suite 800
Houston, TX 77098
Telephone: (713) 655-1405
Email:  rdaly@dalyblack.com
          jblack@dalyblack.com
          mwray@dalyblack.com

and

/s/ William C. Gray
*William C. Gray*
Gray LLC
Nathalie E. Sar
17 N. State St., Suite 1600
Chicago, IL 60602
Tel: 312.967.3653
Email:  bgray@grayllclaw.com
          nsar@grayllclaw.com

*Attorneys for Plaintiff*

14